# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION
_____

ELIZABETH ROSE WHITE McDONNELL,

                 Plaintiff,

v.

KALAMAZOO COUNTY, and STEPHANIE
MOORE WILLIAMS and JULIE ROGERS
in their official and individual capacities,

                 Defendants.

Case No. 1:19-cv-00963

Hon. Janet T. Neff

---

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Katherine Smith Kennedy (P54881)
Attorneys for Plaintiff
146 Monroe Center Street NW, Ste 805
Grand Rapids, MI 49503
(616) 451-8496
Fax: (616) 451-9850
kskennedy@psfklaw.com

KELLER THOMA, P.C.
Thomas L. Fleury (P24064)
Gouri G. Sashital (P64628)
Kathryn E. Jones (P75431)
Attorneys for Defendants
26555 Evergreen Road, Suite 1240
Southfield, MI 48076
(313) 965-0857
Fax: (313) 956-4480
tlf@kellerthoma.com
gsr@kellerthoma.com
kej@kellerthoma.com

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

NOW COME Defendants, KALAMAZOO COUNTY, STEPHANIE MOORE WILLIAMS and JULIE ROGERS, by and through their attorneys, KELLER THOMA, P.C., and in answer to Plaintiff's Complaint, state as follows:

1.      This is an action requesting the Court to remedy violations of Plaintiff's First Amendment rights pursuant to 42 U.S.C.§ 1983,; violations of Michigan's Whistleblower's

Protection Act ("WPA"), Mich. Comp. Laws § 15.361, *et seq.*; the tort of violation of public policy under Michigan law, violations of the Open Meetings Act (OMA) and a breach of contract claim.

**Answer:**    Defendants neither admit nor deny the allegations in Paragraph 1 for the reason that they are without information or knowledge sufficient to form a belief thereto.

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**Answer:**    Defendants do not object to jurisdiction in this Court.

3.    Plaintiff Elizabeth White McDonnell (Hereinafter, "White") is a resident of Kent County, Michigan, and of the Western District of Michigan, Southern Division.

**Answer:**    Defendants neither admit nor deny the allegations in Paragraph 3 for the reason that they are without information or knowledge sufficient to form a belief thereto.

4.    Defendant Kalamazoo County ("the County") is a local unit of government organized pursuant to the law of the state of Michigan; a state actor; and an employer of Plaintiff under state law.  The County conducts its business throughout Kalamazoo County, which is located in the Western District of Michigan, Southern Division.

**Answer:**    Defendants admit the allegations in Paragraph 4.

5.    Defendant County was and is a public body as set forth in MCL 15.361(d).

**Answer:**    Defendants admit the allegations in Paragraph 5.

6.    Defendant Stephanie Moore Williams (hereinafter "Moore") is upon information and belief, a resident of Kalamazoo County, Michigan.  Defendant Moore Williams is an elected official as a County Commissioner and former Board Chair for the Kalamazoo County Commission.  Defendant Moore Williams was at all material times an employer under the Acts and laws set forth below.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 6 regarding Defendant Moore Williams being "an employer under the Acts and laws set forth below" for the reason that they are without information or knowledge sufficient to form a belief thereto. Defendants admit the remaining allegations in Paragraph 6.

7.     Defendant Julie Rogers ("Rogers") is, upon information and belief, a resident of Kalamazoo County, Michigan.  Defendant Rogers is an elected official as a County Commissioner, and current Board Chair for the Kalamazoo County Commission. Defendant Rogers was at all material times an employer under the acts and laws set forth below.

**Answer:**     Defendants neither admit nor deny the allegations regarding Defendant Rogers being "an employer under the acts and laws set forth below" for the reason that they are without information or knowledge sufficient to form a belief thereto. Defendants admit the remaining allegations in Paragraph 7.

8.     At all times material to this Complaint, these Defendants acted toward Plaintiff under the color of the statutes, ordinances, customs and usage of the State of Michigan, and County of Kalamazoo.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 8 for the reason that they are without information or knowledge sufficient to form a belief thereto.

**Factual Allegations**

9.     Plaintiff was hired by Defendant Kalamazoo County in February 2018.  She entered into an Employment Contract with the County on March 21, 2018.  (Attached as Exhibit A).  The term of the agreement was for:

> [A] 3 year period commencing on March 19, 2018, and continuing until March 18, 2021, unless terminated by either the Board or the Employee, with or without Cause, pursuant to the termination provisions of this Agreement. Each party will provide at least 60 calendar days prior written notice to the other party . . .

3

**Answer:**      Defendants admit only the allegations in Paragraph 9 that Plaintiff was hired by Defendant Kalamazoo County on March 20, 2018, and that the County entered into an employment contract with her. As to the remaining allegations in Paragraph 9, Defendants neither admit nor deny for the reason that the document attached as Exhibit A to Plaintiff's Complaint speaks for itself.

10.      Immediately before arriving at her new offices, she had been made aware that dysfunction existed on the County Board, yet was not allowed to meet the corporate counsel staff or board members before arriving.  She was told that her mission was "to help the majority of the Board move business forward."

**Answer:**      Defendants neither admit nor deny the allegations in Paragraph 10 for the reason that they are without information or knowledge sufficient to form a belief thereto.

11.      Within her first few weeks, it became clear that the County Board meetings were chaotic, disorganized and were not conducted within the requirements of the Open Meetings Act. While there was a purported agenda for the meetings, any subject might come up, be discussed, and a motion made for the subject to be voted on.

**Answer:**      Defendants deny the allegations in Paragraph 11 for the reason that they are not true.

12.       As a result, White recommended that several changes needed to be made to the bylaws to limit the chaos and to help the board stick to the written agenda.  These new bylaws were adopted in August of 2018 and did help to keep the chaos down in the following months.

**Answer:**      Defendants admit only the allegations in Paragraph 12 that changes were made to the bylaws and that the bylaws were adopted in August 2018. Defendants neither admit nor deny

the remaining allegations in Paragraph 12 for the reason that they are without information or knowledge sufficient to form a belief thereto.

13.     In April of 2018, the Vice Chair of the Board (DS) brought to her a 990 form for a nonprofit "Mothers of Hope" filed November 28, 2017, which showed that the Board Chair Moore was paid $34,326 by the nonprofit organization as a "consultant"; Moore's mother, Gwin Lanie, is the president of Mothers of Hope.  DS was very concerned that something improper was going on as the County does business with that organization, that there was corruption involved, and urged Plaintiff White to look into it.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 13 for the reason that they are without information or knowledge sufficient to form a belief thereto.

14.     On August 31 of 2018, Plaintiff received a call from another County Board Commissioner (SM), who reported numerous improprieties on the part of the County Treasurer, involving among other things, properties acquired by the County Treasurer in tax foreclosure, which were then given away to third parties.  It was later discovered by Plaintiff White that one such property was transferred to Mothers of Hope after receiving more than $38,000 in improvements at public expense.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 14 for the reason that they are without information or knowledge sufficient to form a belief thereto.

15.     Plaintiff White met with the County Treasurer to obtain information about the matter and to get the Treasurer's explanation of the situation.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 15 for the reason that they are without information or knowledge sufficient to form a belief thereto.

16.    Plaintiff White, the following week, informed Prosecutor Jeff Getting of the reports and was told that a meeting would be set up with Michigan State Police Detective Lieutenant Chuck Christensen. Plaintiff met soon after with Christensen at Getting's office. White was told by the State Police to help bring information to them and where to focus her information gathering.

**Answer:**    Defendants neither admit nor deny the allegations in Paragraph 16 for the reason that they are without information or knowledge sufficient to form a belief thereto.

17.    Plaintiff White emailed the Board of Commissioners regarding the report and the investigation on September 10. Plaintiff White reported information about this investigation that involved the County Treasurer and then-Board Chair Moore. One of the Commissioners (MQ) sent the email to the media, which then published the email.

**Answer:**    Defendants admit only the allegation in Paragraph 17 that Plaintiff emailed the Board of Commissioners. Defendants neither admit nor deny the remaining allegations in Paragraph 17 for the reason that they are without information or knowledge sufficient to form a belief thereto.

18.    On Wednesday, September 12, the County Treasurer was in the County Administrator's office and stated loudly, "I'm coming after you (pointing to the County Administrator) and her (pointing to White's office door)."

**Answer:**    Defendants neither admit nor deny the allegations in Paragraph 18 for the reason that they are without information or knowledge sufficient to form a belief thereto.

19.    On September 18, Chair Stephanie Moore without warning and during a budget discussion stated that she wanted to review White's performance during the open meeting. She stated, "I don't know what [White] does all day," and accused her of racism and sexism. Defendant

Moore refused to allow White to respond at the meeting, and then accused her of breaching attorney client privilege by leaking her own 9/10/18 email to the media.  This accusation was knowingly false as Moore had previously received information that it was not White who had given the email to the press, but another Commissioner.

**Answer:**       Defendants admit only the allegation in Paragraph 19 that, on September 18, there was a discussion during a budget discussion regarding a review of Plaintiff's performance. Defendants neither admit nor deny the remaining allegations in Paragraph 19 for the reason that they are without information or knowledge sufficient to form a belief thereto.

20.     Defendant Moore continued during public meetings to disparage Plaintiff White for the rest of 2018.

**Answer:**       Defendants deny the allegations in Paragraph 20 for the reason that they are not true.

21.     In January of 2019, new Board Chair Defendant Julie Rogers and new Commissioner Meredith Place immediately drafted a new bylaw amendment, without any input from Counsel, which removed the safeguards that Ms. White had put in place.

**Answer:**       Defendants admit only the allegation in Paragraph 21 that a new bylaw amendment was drafted. Defendants neither admit nor deny the remaining allegations in Paragraph 21 for the reason that they are without information or knowledge sufficient to form a belief thereto.

22.     Also, in January of 2019, a consultant was hired by the County to do a Diversity and Inclusion study of the Commission and County staff.

**Answer:**       Defendants deny the allegations in Paragraph 22 for the reason that the consultant was hired in 2018.

23.     Early in 2019, Defendant Moore sent a FOIA request to Plaintiff White's former employer, the City of Grand Rapids, after she had declared, falsely, that Plaintiff White was "fired" from her last job.  Plaintiff White worked at the City of Grand Rapids for over 15 years, had a spotless record, served under three different mayors, three different City Attorneys and scores of Board Commissioners and Department heads.  She left under a restructuring of the Department.

**Answer:**     Defendants admit only that, as a private citizen, Defendant Moore sent a FOIA request to Plaintiff's former employer. Defendants neither admit nor deny the remaining allegations in Paragraph 23 for the reason that they are without information or knowledge sufficient to form a belief thereto.

24.     The investigation into the County Treasurer's potentially illegal and/or unethical activities continued through the Spring and Summer of 2019.  The scope of the investigation went far beyond the issues Ms. White brought to the Prosecutor.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 24 for the reason that they are without information or knowledge sufficient to form a belief thereto.

25.     During that timeframe, in a public meeting on August 27, 2019, Defendant Stephanie Moore openly asked Board candidates being interviewed whether they could make hard decisions if they were on the board, and gave as an example, "Are you ready to fire the Corporate Counsel and the Administrator?" referring to Plaintiff White.  This was done repeatedly, with each candidate interviewed.

**Answer:**     Defendants admit only the allegation in Paragraph 25 that, at a public meeting, Defendant Moore asked Board candidates questions about making hard decisions. Defendants deny the remaining allegations in Paragraph 25 for the reason that they are not true.

26.     In February of 2019, Defendant Rogers began to criticize and micromanage Plaintiff White's legal work, though she did not have a legal background.  She began to set unrealistic timelines for Ms. White to review contracts and resolutions requiring close scrutiny, accused her of not getting work done that she had in fact performed, and began lecturing her on board procedure, though the Commission rarely followed procedure or the OMA.

**Answer:**     Defendants deny the allegations in Paragraph 26 for the reason that they are not true.

27.     In March of 2019, Plaintiff White's performance evaluation was conducted at the direction of Chair Rogers.  The performance evaluation was not only unfair and inaccurately portrayed the good work of Ms. White, but also contained disparaging and untrue remarks from one or two of the reviewers.  Plaintiff White was ultimately able to request a closed session discussion under the Open Meetings Act.  According to her contract, she was given a raise.

**Answer:**     Defendants admit the allegation in Paragraph 27 that Plaintiff's performance evaluation was conducted at the request of Plaintiff. Defendants further admit the allegation in Paragraph 27 that Plaintiff requested a closed session. Defendants further admit the allegation in Paragraph 27 that she was given a raise. Defendants deny the remaining allegations in Paragraph 27 for the reason that they are not true.

28.     Defendant Rogers reached out to several elected officials to review White – a process that had never been done before in evaluating County employees.  The evaluations that were returned to Rogers from Sheriff Fuller and Prosecutor Getting were favorable, but were not included in the evaluation, and were not put in White's personnel folder.

**Answer:**     Defendants deny the allegations in Paragraph 28 for the reason that they are not true.

29.     In June of 2019, Plaintiff White was interviewed by the Michigan State Police regarding the reports regarding the Treasurer, Mothers of Hope, and Commissioner Moore. Commissioner Moore throughout 2019 repeatedly demanded to know how much time was spent on the investigation, coming down harder on Plaintiff White and Administrative staff as the year progressed.  Moore and others insisted that White and others account for every hour they spent on answering questions in the course of the investigation and providing information to the police, though it was not within their control.

**Answer:**     Defendants admit that Commissioners inquired of Plaintiff how much time she spent on the investigation. Defendants neither admit nor deny the remaining allegations in Paragraph 29 for the reason that they are without information or knowledge sufficient to form a belief thereto.

30.     In July of 2019, the results of the workplace study of the County by the hired Consultant were released. According to the consultant, diversity and inclusion issues couldn't even be addressed based on the circumstances.  The consultant issued a scathing report which deemed the Board to "exhibit a lack of understanding of their role as public servants."; that they demonstrated a "lack of trust in administration and upper management" and had an "extreme lack of respect toward each other, toward Administrators, and county employees in general." The report further stated that, "the terms 'toxic' and 'dysfunction' were used to describe the Board of Commissioners by multiple people, several times."

**Answer:**     Defendants admit only the allegation in Paragraph 30 that the results of the workplace study were released in the summer of 2019. Defendants neither admit nor deny the remaining allegations in Paragraph 30 for the reason that they are without information or knowledge sufficient to form a belief thereto.

31.     This was no surprise to Ms. White as she had been publicly and relentlessly abused at public meetings by certain Board members.  Over the course of her tenure with the County, the abusive treatment was so noticeable that members of the public as well as County employees regularly approached Ms. White to address the attacks on her.

**Answer:**     Defendants deny the allegation in Paragraph 31 that Plaintiff was abused at public meetings for the reason that it is untrue. Defendants neither admit nor deny the remaining allegations in Paragraph 31 for the reason that they are without information or knowledge sufficient to form a belief thereto.

32.     At the October 1 Committee of the Whole (COW) meeting, after a motion was made that was improperly introduced by Ms. Place, Ms. White raised her hand and was recognized by the Chair Place to speak.  Ms. White explained that one could not make a motion and have a non-agenda item introduced and adopted in the same meeting, per the COW bylaws.  Ms. Place got upset and sternly commented that Ms. White was being "insulting" and "demeaning" to her, chastising Plaintiff White for doing her job.

**Answer:**     Defendants admit only the allegations in Paragraph 32 that there was an October 1 COW meeting, at which time Plaintiff spoke. Defendants neither admit nor deny the remaining allegations in Paragraph 32 for the reason that they are without information or knowledge sufficient to form a belief thereto.

33.     At a meeting with Defendant Rogers and Vice Chair Tracy Hall, Plaintiff White asked why she was getting so much push back from the Commissioners and wanted to know why regular business could not be accomplished.  Ms. Rogers told Plaintiff White that she better think about leaving the County because several members of the Commission wanted to vote her out. She

told Ms. White that the Commissioners would "drag [her] through the mud" and "ruin [her] reputation" if she didn't resign.

**Answer:**     Defendants admit only the allegations in Paragraph 33 that a meeting was held between Plaintiff, Defendant Rogers and Vice Chair Tracy Hall. Defendants deny the remaining allegations in Paragraph 33 for the reason that they are not true.

34.     At the next regular meeting on October 15, there was a two-hour closed session meeting presumably, in part, regarding Ms. White's employment. White was not given the opportunity to attend this meeting, which was unusual, nor was she given the option to have it held in open or closed session.

**Answer:**     Defendants admit only the allegation in Paragraph 34 that there was a closed session meeting on October 15, 2019. Defendants deny the remaining allegations in Paragraph 34 for the reason that they are not true.

35.     After the Commission members came back into open session, a Commissioner made a motion to award a $90 million dollar contract bid for a huge County construction project that was not on the agenda.  Quickly, and without any discussion whatsoever, the board adopted it on the spot.  There was no opportunity for Ms. White to speak up at the time of the motion, and no indication that the subject was going to be brought up at all.

**Answer:**     Defendants admit only the allegation in Paragraph 35 that at open session Commissioners voted on a $90 million dollar contract bid. Defendants neither admit nor deny the remaining allegations in Paragraph 35 for the reason that they are without information or knowledge sufficient to form a belief thereto.

36.     Though Plaintiff White was under fire by certain Board members and was publicly chastised for bringing up procedural violations during meetings, she sent a memorandum to labor counsel reporting and documenting what occurred as to the construction bid.

**Answer:**     Defendants admit only the allegation in Paragraph 36 that Plaintiff sent a memorandum to labor counsel regarding the construction bid. Defendants neither admit nor deny the remaining allegations in Paragraph 36 for the reason that they are without information or knowledge sufficient to form a belief thereto.

37.     On or about October 18, 2019 a FOIA request was received by the County from the Miller Law Firm for all communications among and between County Commissioners and staff regarding the award of the $90-million-dollar construction contract.  As the County's designated FOIA Coordinator, Plaintiff White was then tasked with the process of gathering text messages, voicemails, and other communications from members of the Commission regarding the recent contract award.

**Answer:**     Defendants admit only the allegation in Paragraph 37 that a FOIA request was received by the County. Defendants neither admit nor deny the remaining allegations in Paragraph 37 for the reason that they are without information or knowledge sufficient to form a belief thereto.

38.     On October 30 via electronic mail, a FOIA request came to the County from MLive requesting Plaintiff White's personnel file and specifically any evaluation.  Upon information and belief, certain Board Commissioners reached out to MLive and suggested that the reporters ask for this.

**Answer:**     Defendants admit only the allegation in Paragraph 38 that a FOIA request was received by the County requesting Plaintiff's personnel file. Defendants neither admit nor deny

the remaining allegations in Paragraph 38 for the reason that they are without information or knowledge sufficient to form a belief thereto.

39.     Plaintiff White was put on administrative leave to begin October 31, 2019.

**Answer:**     Defendants admit the allegations in Paragraph 39.

40.     On Wednesday November 6, without the subject being on the agenda, a closed session was held presumably regarding the termination of Plaintiff White from her position. Plaintiff was given no notice whatsoever of the meeting about her employment status and was not asked if she wanted the meeting to be open or closed. When the Commissioners came out into open session, there was no discussion, no deliberation, and it was announced that Plaintiff White was terminated pursuant to 4(a) of her Employment Contract unless she resigned by Friday November 8, by 5:00 pm.

**Answer:**     Defendants admit the allegation in Paragraph 40 that on November 6 the Commission held a closed session. Defendants further admit the allegation in Paragraph 40 that, after the closed session, it was announced that Plaintiff was terminated pursuant to 4(a) of her Employment Contract unless she resigned by Friday November 8 by 5:00 pm. Defendants neither admit nor deny the remaining allegations in Paragraph 40 for the reason that they are without information or knowledge to sufficient to form a belief thereto.

41.     Defendant Rogers and Defendant Moore made statements to the media regarding the termination after the meeting.  That evening, Defendant Moore posted the MLive article about White's termination on her personal Facebook page, from her personal Facebook page to her Commissioner Facebook Page, then posted again on her Commissioner Facebook page. All of these posting were "public". Moore also posted the article on her LinkedIn page.

**Answer:**     Defendants admit the allegations in Paragraph 41.

42.     Plaintiff White chose not to resign her employment.

**Answer:**     Defendants admit the allegations in Paragraph 42.

43.     Contract provision 4a. states:

**Termination and Severance**.

> **A.**  The employee's employment Agreement may be terminated without cause by a majority vote of the total number of the County's Board members elected and serving, ***at a meeting held in compliance with the Open Meetings Act.***

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 43 for the reason that the document attached as Exhibit A to Plaintiff's Complaint speaks for itself.

44.     Plaintiff White has and will suffer significant damages including economic damages, emotional and mental distress damages, and reputational damages due to the actions of Defendants.

**Answer:**     Defendants deny the allegations in Paragraph 44 for the reason that they are not true.

## RESPONSE TO COUNT I

## VIOLATION OF FIRST AMENDMENT RIGHTS PURSUANT TO 42 USC §1983

45.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

**Answer:**     Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 44 above as though fully stated herein.

46.     Plaintiff, as a private citizen and public employee of the County of Kalamazoo was entitled to constitutional protection of free speech.  In notifying the County Prosecutor and State Police of potential wrongdoing of the County Treasurer, Plaintiff was engaged in protected activity under the constitution of the United States.

**Answer:**        Defendants deny the allegations in Paragraph 46 for the reason that they are not true.

47.    The speech was and is a matter of public concern.

**Answer:**        Defendants deny the allegations in Paragraph 47 for the reason that they are not true.

48.    Defendants in harassing, abusing, disciplining and terminating the employment of Plaintiff because of her disclosure of actual or potential wrongdoing caused her to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity.

**Answer:**        Defendants deny the allegations in Paragraph 48 for the reason that they are not true.

49.    The adverse actions against Plaintiff were motivated by Plaintiff's exercise of her constitutional rights.

**Answer:**        Defendants deny the allegations in Paragraph 49 for the reason that they are not true.

50.    The conduct of Defendants described and complained of above constitutes unreasonable and unconstitutional interference with and infringement upon Plaintiff's exercise of her rights of free speech, guaranteed under the First and Fourteenth Amendments to the United States Constitution.

**Answer:**        Defendants deny the allegations in Paragraph 50 for the reason that they are not true.

51.    As the direct consequence and result of the acts of Defendants, Plaintiff suffered much anxiety and distress, discomfort, embarrassment and financial loss.

**Answer:**       Defendants deny the allegations in Paragraph 51 for the reason that they are not true.

52.       The illegal retaliation toward and discharge of Plaintiff by Defendants was motivated by Plaintiff's exercise of her First Amendment rights to criticize a public official.

**Answer:**       Defendants deny the allegations in Paragraph 52 for the reason that they are not true.

53.       Defendants' actions were intended to harass and punish Plaintiff for exercising her constitutional rights, were an oppressive and unlawful attempt to limit Plaintiff's rights to continued employment, and failed to give Plaintiff due process, violating any property interest she had in her employment, all in violation of the First, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

**Answer:**       Defendants deny the allegations in Paragraph 53 for the reason that they are not true.

54.       As the direct consequence and result of the acts of Defendants, Plaintiff was deprived of her employment, suffered much anxiety, distress, discomfort and embarrassment, and damage to her reputation.

**Answer:**       Defendants deny the allegations in Paragraph 54 for the reason that they are not true.

## RESPONSE TO COUNT II

### WRONGFUL TERMINATION IN VIOLATION OF
### THE WHISTLEBLOWERS' PROTECTION ACT

55.       Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

**Answer:**     Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 54 above as though fully stated herein.

56.     Plaintiff White was an employee, and Defendant County of Kalamazoo was her employer, covered by and within the meaning of Michigan's Whistleblowers' Protection Act, Mich. Comp. Laws §15.361 *et seq.*

**Answer:**     Defendants admit that Plaintiff was an employee of Defendant County of Kalamazoo. Defendants neither admit nor deny the remaining allegations in Paragraph 56 for the reason that they are without information or knowledge sufficient to form a belief thereto.

57.     Plaintiff reported suspected violations of State and Federal laws, regulations, and/or rules governing the use of public funds.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 57 for the reason that they are without information or knowledge sufficient to form a belief thereto.

58.     Defendant County of Kalamazoo, by its agent(s), was aware that Plaintiff reported violations or suspected violations to a public body.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 58 for the reason that they are without information or knowledge sufficient to form a belief thereto.

59.     Defendants' actions in retaliating against Plaintiff and terminating her employment were intentional and in disregard for the rights of Plaintiff.

**Answer:**     Defendants deny the allegations in Paragraph 59 for the reason that they are not true.

60.     The retaliatory conduct of Defendants violates Michigan's Whistleblowers' Protection Act. Mich. Comp. Laws §15.362.

**Answer:**     Defendants deny the allegations in Paragraph 60 for the reason that they are not true.

61.     As a direct and proximate result of the violation of Plaintiff's rights as alleged, Plaintiff has suffered irreparable harm, injuries, and damages, including but not limited to loss of earnings and earning capacity, past and future lost earnings, and the value of fringe benefits. Plaintiff has sustained humiliation, outrage, indignity, mental and emotional distress, embarrassment, anxiety about the future, damage to her good name and reputation, and loss of the ordinary pleasures of everyday life.

**Answer:**     Defendants deny the allegations in Paragraph 61 for the reason that they are not true.

## RESPONSE TO COUNT III

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY ("PUBLIC POLICY TORT")

62.     Plaintiff White re-alleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

**Answer:**     Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 61 above as though fully stated herein.

63.     During the course of her employment with Defendant County of Kalamazoo, Plaintiff refused to acquiesce in activities that she believed to be potential violations of law, and internally objected to those activities.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 63 for the reason that they are without information or knowledge sufficient to form a belief thereto.

64.     In particular, Plaintiff attempted to comply with State and Federal laws, regulations and rules governing the use of public funds, and asked for guidance from the County Prosecutor regarding the potentially illegal conduct.

**Answer:**     Defendants neither admit nor deny the allegations in Paragraph 64 for the reason that they are without information or knowledge sufficient to form a belief thereto.

65.     The discipline and termination of Plaintiff White was motivated by her refusal to violate the law and acquiesce in violations of law and for her internal objections to practices which implicated or could have implicated illegal compliance.

**Answer:**     Defendants deny the allegations in Paragraph 65 for the reason that they are not true.

66.     Plaintiff's termination violates clearly established public policy of the State of Michigan that an employer may not adversely alter an employee's employment when the reason for the alteration was the failure or refusal to violate a law in the course of employment.

**Answer:**     Defendants deny the allegations in Paragraph 66 for the reason that they are not true.

67.     As a direct and proximate result of the violation of Plaintiff's rights as alleged, Plaintiff has suffered irreparable harm, injuries, and damages, including but not limited to loss of earnings and earning capacity, past and future lost earnings, and the value of fringe benefits. Plaintiff has sustained humiliation, outrage, indignity, mental and emotional distress, embarrassment, anxiety about the future, damage to her good name and reputation, and   loss of the ordinary pleasures of everyday life.

**Answer:**     Defendants deny the allegations in Paragraph 67 for the reason that they are not true.

## RESPONSE TO COUNT IV

## VIOLATIONS OF THE OPEN MEETINGS ACT

68.     Plaintiff incorporates paragraphs 1 through 67 as though set forth herein.

**Answer:**     Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 67 above as though fully stated herein.

69.     Defendant Kalamazoo County is subject to Michigan Open Meetings Act. MCL 15.261 et al.

**Answer:**     Defendants admit the allegations in Paragraph 69.

70.     The Open Meetings Act requires decisions of a public body or board to be done in open session, and public notice must issue.

**Answer:**     Defendants admit the allegations in Paragraph 70.

71.     A "public body" under the Act includes a board commission, committee, subcommittee, authority, or council (MCL 15.262).

**Answer:**     Defendants admit the allegations in Paragraph 71.

72.     In order for a board or a committee of the board to meet in a closed session, a 2/3 roll vote of the members elected or appointed and serving must vote in an open session to go into closed session, and only for certain purposes as specified in the Act (MCL 15.267).

**Answer:**     Defendants admit the allegations in Paragraph 72.

73.     Minutes of the meeting in which it has been decided by the board or committee or subcommittee of the board to go into closed session must be kept (MCL 15.269).

**Answer:**     Defendants admits only the allegations in Paragraph 73 that minutes of the meeting in which it has been decided by the board or committee or subcommittee of the board to go into

21

closed session must be kept. Defendant denies the REMAINING allegations in Paragraph 73 as to the citation to the statutory authority for the reason that the applicable statutory section is MCL § 15.267.

74.     Under MCL 15.268, a board or committee or subcommittee of the board may go into closed session:

> (a) To consider the dismissal, suspension, or disciplining of, or to hear complaints or charges brought against, or to consider a periodic personnel evaluation of, a public officer, employee, staff member, or individual agent, *if the named person requests a closed hearing*.  A person requesting a closed hearing may rescind the request at any time, in which case the matter at issue shall be considered after the rescission only in open sessions. (emphasis added)

**Answer:**     Defendants admit the allegations in Paragraph 74.

75.     Defendant County violated the Open Meetings Act in that it failed to give public notice of one or more meetings of the Board;  failed to give notice that the meeting on November 6  would include consideration of the employment of Plaintiff White as one of its topics and the subject was not on the Notice or Agenda; went into closed session or sessions on a decision considering the dismissal of Plaintiff White when she was unaware the subject of her employment was going to be discussed and was not given the opportunity to request closed session; and did not vote to go into closed session pursuant to the requirements of the Open Meetings Act.

**Answer:**     Defendants deny the allegations in Paragraph 75 for the reason that they are not true.

76.     Defendant County willfully violated the Open Meetings Act knowing full-well all of the requirements listed above and meeting and deciding on the fate of Corporate Counsel in closed session.

**Answer:**      Defendants deny the allegations in Paragraph 76 for the reason that they are not true.

77.      As a result of these violations of the Open Meetings Act, the rights of members of the public were impaired in the following ways:

      i.  The members of the public served by the County and Corporate Counsel were not given a chance to hear the reasons for the consideration of her dismissal;

      ii.  The members of the public served by the County and Corporate Counsel were deprived of offering meaningful comment and input prior to a decision being made regarding her dismissal;

      iii.  The November 6 Open Meeting announcing the termination of Corporate Counsel was simply a rubber stamp to the decision made previously by the Commission and there was no deliberation or time allotted for public comment.

**Answer:**      Defendants deny the allegations in Paragraph 77, including subparts (i) through (iii), for the reason that they are not true.

78.      Because the rights of the public were impaired to such a degree, Plaintiff requests that the decision of the County Commission be rescinded, that Ms. White be reinstated as Corporate Counsel, and that she be given all compensation and benefits she should have been receiving prior to the November 6 meeting.

**Answer:**      Defendants deny the allegations in Paragraph 78 for the reason that they are not true.

## RESPONSE TO COUNT V

## BREACH OF CONTRACT

79.      Plaintiff incorporates by reference paragraphs 1 through 78.

23

**Answer:**       Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 78 above as though fully stated herein.

80.       Plaintiff White was employed by the County of Kalamazoo pursuant her Employment Agreement.

**Answer:**       Defendants admit the allegations in Paragraph 80.

81.       Defendants' failure and refusal to abide by the terms of this contract of employment by summarily firing Plaintiff without giving Plaintiff White sixty (60) day notice required by the contract, constitutes a breach of said contract.

**Answer:**       Defendants deny the allegations in Paragraph 81 for the reason that they are not true.

82.       Defendants' intentional violation of the Open Meetings Act by not issuing proper notice, nor allowing Plaintiff to request an open or closed meeting, continued to breach the contract.

**Answer:**       Defendants deny the allegations in Paragraph 82 for the reason that they are not true.

83.       All conditions precedent to full performance on the part of Plaintiff occurred.  The contract remains breached.

**Answer:**       Defendants deny the allegations in Paragraph 83 for the reason that they are not true.

84.       As a direct and proximate result of Defendants' breach of contract, Plaintiff White has sustained significant damages including consequential damages.

24

**Answer:**       Defendants deny the allegations in Paragraph 84 for the reason that they are not true.

WHEREFORE, Defendants request that Counts I through V of Plaintiff's Complaint be dismissed and that they be awarded their costs and attorney fees in defending same.


## RELIANCE ON PLAINTIFF'S DEMAND FOR JURY TRIAL

Defendants, KALAMAZOO COUNTY, STEPHANIE MOORE WILLIAMS and JULIE ROGERS, by and through their attorneys, KELLER THOMA, P.C., hereby rely on Plaintiff's demand for a trial by jury in the above-captioned cause of action.

Respectfully submitted,

KELLER THOMA, P.C.

By:      /s/ Thomas L. Fleury
         Thomas L. Fleury (P24064)
         Gouri G. Sashital (P64628)
         Kathryn E. Jones (P75431)
Attorneys for Defendants
26555 Evergreen Road, Suite 1240
Southfield, MI  48076
(313) 965-0857(313) 965-4480 (Fax)
tlf@kellerthoma.com
gsr@kellerthoma.com
kej@kellerthoma.com

Dated:  January 6, 2020

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
_____

ELIZABETH ROSE WHITE McDONNELL,

        Plaintiff,

v.

KALAMAZOO COUNTY, and STEPHANIE
MOORE WILLIAMS and JULIE ROGERS
in their official and individual capacities,

        Defendants.

Case No. 1:19-cv-00963

Hon. Janet T. Neff

---

| | |
|---|---|
| PINSKY, SMITH, FAYETTE & KENNEDY, LLP<br>Katherine Smith Kennedy (P54881)<br>Attorneys for Plaintiff<br>146 Monroe Center Street NW, Ste 805<br>Grand Rapids, MI  49503<br>(616) 451-8496<br>Fax:  (616) 451-9850<br>kskennedy@psfklaw.com | KELLER THOMA, P.C.<br>Thomas L. Fleury (P24064)<br>Gouri G. Sashital (P64628)<br>Kathryn E. Jones (P75431)<br>Attorneys for Defendants<br>26555 Evergreen Road, Suite 1240<br>Southfield, MI  48076<br>(313) 965-0857<br>Fax:  (313) 956-4480<br>tlf@kellerthoma.com<br>gsr@kellerthoma.com<br>kej@kellerthoma.com |

---

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, KALAMAZOO COUNTY, STEPHANIE MOORE WILLIAMS and JULIE ROGERS (collectively "Defendants"), by and through their attorneys, KELLER THOMA, P.C., and for their Affirmative Defenses, submit the following:

1.  The Complaint fails to state a claim upon which relief may be granted.

2.  Plaintiff's claims against Defendants are barred by the doctrine of qualified immunity.

3.  Plaintiff has not been deprived of a constitutionally-protected right.

4.      Plaintiff's claims against the Individual Defendants in their official capacity are barred because they did not act pursuant to an official custom or policy that was the moving force behind Plaintiff's alleged constitutional injury.

5.      Plaintiff's claims against the Individual Defendants in their official capacity are barred because the claims are redundant of the claims brought against Defendant Kalamazoo County.

6.      Plaintiff's claims against Defendant Kalamazoo County are barred by the holding in *Monell v. Department of Social Services*, in that Defendant County did not have an official custom or policy that was the moving force behind Plaintiff's alleged constitutional injury.

7.      Plaintiff's claims are barred on the grounds that they cannot demonstrate that any of Defendant's legitimate reasons for their actions were pretext of discrimination and/or retaliation under any theory of liability alleged in Plaintiff's Complaint.

8.      Plaintiff's claims of wrongful discharge in violation of public policy fail because her exclusive remedy is the Whistleblower's Protection Act. *Dolan v. Continental Airlines,* 454 Mich. 373, 383, 563 NW2d 23 (1997).

9.      Plaintiff's claims fail, in whole or in part, because she did not engage in activity protected by law.

10.     Plaintiff cannot show a causal connection between the alleged protected activities and any alleged adverse employment action.

11.     Defendants' actions were, at all times, motivated by legitimate, non-discriminatory and/or non-retaliatory reasons.

12.     Plaintiffs are not entitled to actual and/or exemplary damages or court costs and attorneys' fees because any violation of the Michigan's Open Meetings Act by the Defendants, to the extent such exists, was not intentional.

13.     Plaintiff is otherwise barred or estopped from maintaining a breach of contract claim by her own failure to perform and/or misconduct.

14.     Upon information and belief, Plaintiff suffered no damages, has failed to diligently mitigate her alleged damages, or her alleged damages are de minimis.

15.     The proximate cause of any injury or damages to Plaintiff, if any, was not action by Defendants.

16.     Defendants reserves the right to assert additional affirmative defenses based on the discovery of facts not presently known, including but not limited to, after-acquired evidence and resume fraud.

WHEREFORE, Defendants request that the instant action be dismissed with prejudice, and with costs, and if warranted, sanctions awarded to Defendants.

Respectfully submitted,

KELLER THOMA, P.C.

By:     /s/ Thomas L. Fleury
        Thomas L. Fleury (P24064)
        Gouri G. Sashital (P64628)
        Kathryn E. Jones (P75431)
Attorneys for Defendants
26555 Evergreen Road, Suite 1240
Southfield, MI  48076
(313) 965-0857(313) 965-4480 (Fax)
tlf@kellerthoma.com
gsr@kellerthoma.com
kej@kellerthoma.com

Dated:  January 6, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2020,  I electronically filed the foregoing paper, ***Defendants' Answer to Plaintiff's Complaint, Affirmative Defenses and Reliance on Jury Demand*** with the Clerk of the Court using the ECF system which will send notification to all counsel of record.


By:    /s/Thomas L. Fleury_____
         Thomas L. Fleury (P24064)