UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ELIZABETH ROSE WHITE McDONNELL,

    Plaintiff,

v.

KALAMAZOO COUNTY, and STEPHANIE
MOORE WILLIAMS and JULIE ROGERS
in their official and individual capacities,

    Defendants.

Case No. 1:19-cv-00963

Hon. Janet T. Neff

---

| | |
|---|---|
| PINSKY, SMITH, FAYETTE & KENNEDY, LLP<br>Katherine Smith Kennedy (P54881)<br>Attorneys for Plaintiff<br>146 Monroe Center Street NW, Ste 805<br>Grand Rapids, MI  49503<br>(616) 451-8496<br>Fax:  (616) 451-9850<br>kskennedy@psfklaw.com | KELLER THOMA, P.C.<br>Thomas L. Fleury (P24064)<br>Gouri G. Sashital (P64628)<br>Kathryn E. Jones (P75431)<br>Attorneys for Defendants<br>26555 Evergreen Road, Suite 1240<br>Southfield, MI  48076<br>(313) 965-0857<br>Fax:  (313) 956-4480<br>tlf@kellerthoma.com<br>gsr@kellerthoma.com<br>kej@kellerthoma.com |

---

## **DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES**

NOW COME Defendants, KALAMAZOO COUNTY, STEPHANIE MOORE WILLIAMS and JULIE ROGERS (collectively "Defendants"), by and through their attorneys, KELLER THOMA, P.C., and for their Amended Affirmative Defenses, submit the following:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims against Defendants are barred by the doctrine of qualified immunity.

3. Plaintiff has not been deprived of a constitutionally-protected right.

4. Plaintiff was an "at will" employee and had no protected property interest in continued employment.

5. Plaintiff was given all process that was due.

6. Plaintiff's claims against the Individual Defendants in their official capacity are barred because they did not act pursuant to an official custom or policy that was the moving force behind Plaintiff's alleged constitutional injury.

7. Plaintiff's claims against the Individual Defendants in their official capacity are barred because the claims are redundant of the claims brought against Defendant Kalamazoo County.

8. Plaintiff's claims against Defendant Kalamazoo County are barred by the holding in *Monell v. Department of Social Services*, in that Defendant County did not have an official custom or policy that was the moving force behind Plaintiff's alleged constitutional injury.

9. Plaintiff's claims are barred on the grounds that they cannot demonstrate that any of Defendant's legitimate reasons for their actions were pretext of discrimination and/or retaliation under any theory of liability alleged in Plaintiff's Complaint.

10. Plaintiff's claims of wrongful discharge in violation of public policy fail because her exclusive remedy is the Whistleblower's Protection Act. *Dolan v. Continental Airlines,* 454 Mich. 373, 383, 563 NW2d 23 (1997).

11. Plaintiff's claims fail, in whole or in part, because she did not engage in activity protected by law.

12. Plaintiff cannot show a causal connection between the alleged protected activities and any alleged adverse employment action.

13. Defendants' actions were, at all times, motivated by legitimate, non-discriminatory and/or non-retaliatory reasons.

14. Plaintiffs are not entitled to actual and/or exemplary damages or court costs and attorneys' fees because any violation of the Michigan's Open Meetings Act by the Defendants, to the extent such exists, was not intentional.

15. Plaintiff is otherwise barred or estopped from maintaining a breach of contract claim by her own failure to perform and/or misconduct.

16. Upon information and belief, Plaintiff suffered no damages, has failed to diligently mitigate her alleged damages, or her alleged damages are de minimis.

17. The proximate cause of any injury or damages to Plaintiff, if any, was not action by Defendants.

18. Defendants reserves the right to assert additional affirmative defenses based on the discovery of facts not presently known, including but not limited to, after-acquired evidence and resume fraud.

WHEREFORE, Defendants request that the instant action be dismissed with prejudice, and with costs, and if warranted, sanctions awarded to Defendants.

Respectfully submitted,

KELLER THOMA, P.C.

By:   /s/ Thomas L. Fleury
      Thomas L. Fleury (P24064)
Attorneys for Defendants
26555 Evergreen Road, Suite 1240
Southfield, MI  48076
(313) 965-0857(313) 965-4480 (Fax)
tlf@kellerthoma.com

Dated:  January 10, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2020, I electronically filed the foregoing paper, ***Defendants' Amended Affirmative Defenses*** with the Clerk of the Court using the ECF system which will send notification to all counsel of record.

                                By:    /s/Thomas L. Fleury
                                              Thomas L. Fleury (P24064)