UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**ELIZABETH ROSE WHITE MCCDONNEL,**

    **Plaintiff,**

v.

**KALAMAZOO COUNTY and STEPHANIE MOORE WILLIAMS and JULIE ROGERS, in their official and individual capacities,**

    **Defendant.**

Case No. 1:19-cv-963

Hon. Janet T. Neff

| | |
|---|---|
| Katherine Smith Kennedy, Esq.<br>Pinsky, Smith, Fayette & Kennedy, LLP<br>Attorneys for Plaintiff<br>148 Monroe Center St NW, Suite 805<br>Grand Rapids, MI  49503<br>616-451-8496<br>kskennedy@psfklaw.com | Thomas L. Fleury, Esq.<br>Gouri G. Sashital, Esq.<br>Kathryn E. Jones, Esq.<br>KELLER THOMA PC<br>Attorneys for Defendant<br>26555 Evergreen Road – Ste 1240<br>Southfield, MI 48076-4251<br>(313) 965-7610<br>tlf@kellerthoma.com<br>gsr@kellerthoma.com<br>kej@kellerthoma.com |

# JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for **February 5, 2020 at 10:00 a.m.** before Honorable Janet Neff.  Appearing as counsel for Plaintiff will be Katherine Smith Kennedy and for Defendants will be Thomas Fleury on behalf of

Kalamazoo County and Julie Rogers, and Timothy Ferrand on behalf of Stephanie Moore Williams.

1. **Jurisdiction**. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1367. The employment practices alleged to be unlawful were violations of Plaintiff's First Amendment rights pursuant to 42 U.S.C.§ 1983, Michigan's Whistleblower's Protection Act ("WPA"), Mich. Comp. Laws § 15.361, *et seq.*; the tort of violation of public policy under Michigan law, violations of the Open Meetings Act (OMA) and a breach of contract claim with the jurisdiction of the United States District Court for the Western District of Michigan.

2. **Jury or Non-Jury**. This case is to be tried before a jury.

3. **Judicial Availability**. The parties do not agree to have a Magistrate Judge conduct further proceedings.

4. **Statement of the Case**.

    (a)  **Plaintiff's statement**

Plaintiff was corporate counsel for Kalamazoo County and was party to an employment contract. She claims that she engaged in protected activity when she went to the State Prosecutor regarding her serious concerns of fraud and self-dealing on behalf of certain Kalamazoo County employees. She alleges that she was retaliated against, then terminated because of the protected activity. She has been arduously seeking new employment since her termination without any success to this point. She claims contractual damages, economic damages as a result of the retaliation and termination, and

significant compensatory damages for the emotional distress and humiliation for the way she was terminated, as well as significant reputational damages for the ongoing public retaliation and disparagement by the individual defendants and other Kalamazoo County employees.

(b) **Defendants' Statement:**

Defendants Kalamazoo County, Stephanie Moore Williams, and Julie Rogers (collectively referred to as "Defendants") deny that Plaintiff, former Corporate Counsel for Defendant County, engaged in communication protected under the First and Fourteenth Amendments of the United States Constitution. Plaintiff was an "at-will" employee and was not entitled to due process protection pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

She did not engage in protected activity as defined by the WPA. Even if Plaintiff's wrongful discharge in violation of public policy proceeds, despite being duplicative of her WPA claim, Plaintiff did not fail or refuse to violate a law. Defendants County, Moore Williams, and Rogers acted in accordance with the OMA. Defendant County Board of Commissions terminated Plaintiff for legitimate and non-retaliatory reasons and in accordance with the employment contract and the requirements set forth in the OMA. Defendant Moore Williams and Defendant Rogers, who are elected officials of the County Board of Commission, are entitled to qualified immunity with regard to Plaintiff's constitutional law claims. Defendant County cannot be held liable with regard to Plaintiff's constitutional law claims on a

theory of *respondeat superior* pursuant to *Monell v Dep't of Soc. Servs. of City of New York*, 436 US 658, 98 S. Ct. 2018, 2029, 56 L. Ed. 2d 611 (1978).

5. **Prospects of Settlement**: The parties had settlement negotiations prior to Plaintiff filing suit but ultimately failed to resolve the matter. The parties have discussed and are contemplating to participate in early Voluntary Facilitative Mediation.

6. **Pendent State Claims**: This case includes pendent State Whistleblower, Public Policy Tort, and Breach of Contract claims.

7. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by March 5, 2020.

8. **Disclosures and Exchanges**:

   (a) Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the Court orders otherwise. Fed.R.Civ.P. 26(a)(1) disclosures shall be made by March 5, 2020.

   (b) Plaintiff anticipates the use of a forensic technology expert to retrieve data from all relevant devices in this matter. Plaintiff may retain an expert regarding future economic damages for Plaintiff due to her current and future inability to find comparable work.

   Defendants may retain an economic expert, damages expert, or non-economic damage expert to the extent necessary to rebut Plaintiff's claim of economic and non-economic damages.

   Plaintiff and Defendants expect to be able to furnish the names of defendant's expect witness(es) by April 3, 2020.

   (c) It would be advisable in this case to exchange written expert witness reports as contemplated by Federal Rule Civil

4

>>Procedure 26(a)(2).  Reports, if required, should be exchanged according to the following schedule.
>
>>Plaintiff:     July 24, 2020
>
>>Defendants: August 21, 2020.
>
>(d)  The parties have agreed to informal discovery for document production to alleviate duplicative submissions.

9. **Discovery**: The parties believe that all discovery proceedings can be completed by **September 18, 2020**.

**Plaintiff**: Interrogatories will be limited to 25 to either party.  Requests for Admissions will be limited 25 to each Plaintiff and 25 to Defendants.  Depositions shall be limited to 10 per side.  Individual depositions will be limited to no more than 7 hours each in duration.  If any party desires to impose additional limits or desires relief from these limits, the party will contact the Court with an appropriate request to modify this order.

**Defendants**: Given the large number of fact witnesses in this matter, Defendants do not agree that Plaintiff should be permitted to limit the individual depositions to 10 per side. Nor should the time limitation for individual depositions be limited to no more than 7 hours in duration.

10. **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information. The parties will continue to confer in a good faith effort to agree upon the most appropriate and efficient way to produce such information.

5

**Plaintiff**: Plaintiff will need to have additional back-up and cloud information and will likely need to hire a technology expert to take possession of parties' and witnesses' devices.

It has been reported in the media and admitted by a party-Defendant that there was an instruction by her to Defendants' agents to delete relevant communications made regarding this case. A recording of just one of these instructions was turned over in a FOIA request to the media. This instruction took place after a litigation hold letter was sent to Defendants in October of 2019. Because it is clear that agents of Defendant Kalamazoo County have intentionally deleted relevant data in this matter, additional measures of culling data from any and all relevant devices by a forensic technology expert is necessary.

**Defendants**: All public records relating to this matter have been preserved and have been released to the media in accordance with the Freedom of Information Act.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production**: Any documents subject to the attorney/client privilege and/or work-product doctrine that are disclosed to the opposing party shall be immediately returned to the disclosing party, with or without a request from the disclosing party. Any such disclosure shall not constitute a waiver. If either party attempts to use a document which the other party believes to be privileged, the party claiming privilege or work product immunity shall notify the opposing party that it is invoking the privilege and/or the work product immunity doctrine and the

documents shall be immediately returned to the disclosing party, subject to the opposing party's right to challenge the disclosing party's designation of privilege.

12. **Motions**: The parties acknowledge that a pre-motion conference is required before filing any dispositive motion and that no motion papers shall be filed until the motion has been fully briefed.

The parties further acknowledge that W.D.Mich.L.Civ.R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by said Rule 7.1(d).

The following dispositive motions are contemplated by each party: Defendants intend to seek dismissal of Plaintiff's claims through a dispositive motion. Plaintiff may seek to move for Summary Judgment on liability against Defendants.

The parties anticipate that all pre-motion conference requests will be filed by **October 19, 2020**.

13. **Alternative Dispute Resolution**: In the interest of conserving judicial resources, the parties acknowledge that this Court will require the parties to participate in some form of Alternative Dispute Resolution (ADR) The parties have discussed and are contemplating to participate in early Voluntary Facilitative Mediation.

14. **Length of Trial**: Counsel estimates that the trial (depending on the length of the trial day) will take approximately ten (10) total, allocated as follows: One (1) day of Jury pick and Opening, four (4) days for Plaintiff's case, six (6) days for Defendants' cases.

15. **Electronic Document Filing System**: Counsel understand that W.D. Mich L. Civ. R. 5.7(a) requires that attorneys file and serve all documents electronically by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The parties acknowledge that the Court expects all counsel to abide by the requirements of this rule.

16. **Other**: It is the parties understanding that Timothy Ferrand will submit to the Court a proposed Stipulation and Order of Substitution of Counsel on behalf of Defendant Stephanie Moore Williams pursuant to a telephone conversation with Thomas Fleury on January 28, 2020. Mr. Ferrand indicated to Mr. Fleury that it is his intention to appear as counsel for Defendant Moore Williams at the Rule 16 Scheduling Conference on February 5, 2020 at 10:00 a.m.

            PINSKY, SMITH, FAYETTE & KENNEDY, LLP
            Attorneys for the Plaintiff

Dated:  January 29, 2020   By: /s/ Katherine Smith Kennedy (w/consent)
            Katherine Smith Kennedy, Esq.
            146 Monroe Center NW, Suite 805
            Grand Rapids, MI 49503
            (616) 451-8496

KELLER THOMA, PC
Attorney for the Defendants

Dated: January 29, 2020    By:  /s/ Thomas L.  Fleury
Thomas L. Fleury, Esq.
Gouri G. Sashital, Esq.
Kathryn E. Jones, Esq.
KELLER THOMA PC
26555 Evergreen Road – Ste 1240
Southfield, MI 48076-4251
(313) 965-7610

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I electronically filed the foregoing paper, *Joint Status Report,* with the Clerk of the Court using the ECF system which will send notification to all counsel of record.

By:   /s/Thomas L. Fleury
Thomas L. Fleury (P24064)

9